# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEREMY JOHNS,**

                    **Plaintiff,**

**v.**                                                       **Case No:   6:19-cv-1127-Orl-37LRH**

**PROGRESSIVE EXPRESS INSURANCE COMPANY,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration *sua sponte* based on the undersigned's review of the case for subject matter jurisdiction.   A district court has the obligation, at the earliest possible stage in the proceedings, to examine a removal *sua sponte* and determine whether the removal was proper and whether subject matter jurisdiction may be lacking.   *See Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 410 (11th Cir. 1999).   Because removal jurisdiction raises unique federalism concerns, a district court must construe removal statutes strictly.   *Id.* at 411.

On May 13, 2019, Plaintiff Jeremy Johns filed an "Amended Complaint"[1] in state court against Defendant Progressive Express Insurance Company.   Doc. No. 1-4.   Plaintiff alleged that in May 2018 he was involved in a motor vehicle accident with an underinsured motorist; that Plaintiff had an insurance policy issued by Defendant that provided uninsured/underinsured motorist coverage; and that Defendant has refused to pay Plaintiff for the full value of the claim.   *Id.*

---

[1] It appears that the "Amended Complaint" was the first-filed complaint in this matter.

On June 18, 2019, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity of citizenship between the parties.   Doc. No. 1.   Upon review, the undersigned concluded that Defendant's Notice of Removal did not sufficiently establish that diversity jurisdiction exists in this case.   Specifically, the Notice of Removal states that Plaintiff is a "citizen and resident of the State of Florida."   *Id.* ¶ 3.   The Amended Complaint, however, only states that "Plaintiff . . . is a natural person residing in Kissimmee, Osceola County, Florida."   Doc. No. 1-4 ¶ 2.   An individual's residence is, in and of itself, insufficient to establish an individual's citizenship for purposes of diversity jurisdiction.   *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); *Kerney v. Fort Griffin Fandangle Ass'n*, Inc., 624 F.2d 717, 719 (5th Cir. 1980) ("An allegation of residence is insufficient to establish diversity jurisdiction.").[2]

Accordingly, I determined that, absent additional evidence establishing that Plaintiff is a citizen of Florida, Defendant had not sufficiently demonstrated diversity of citizenship between the parties in this case.   Therefore, on August 1, 2019, I entered an Order to Show Cause why this case should not be remanded for lack of subject matter jurisdiction.   Doc. No. 14.   I ordered Defendant, on or before August 12, 2019, to show cause by written response.   *Id.* at 3.[3]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In the Order to Show Cause, I also addressed a related issue regarding Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 10).   In the motion, Plaintiff seeks to add an additional defendant in this matter, Kyle Swigert, who allegedly was the other driver involved in the subject accident.   Doc. Nos. 10, 10-1.   According to the proposed amended complaint, Mr. Swigert is a resident of Florida, but the proposed amended complaint contains no allegations as to Plaintiff's or Mr. Swigert's citizenship.   Doc. No. 10-1.   Defendant failed to timely respond to the motion for leave to amend.   Thus, in the Order to Show Cause, I ordered that, should Defendant demonstrate that diversity jurisdiction exists over the original complaint, the response must address the Court's subject matter jurisdiction should leave to amend the complaint be granted.   Doc. No. 14.   As discussed below, Defendant failed to respond to the Order to Show

To date, Defendant has not filed a written response to the Order to Show Cause.   Thus, Defendant has failed to carry its burden of demonstrating that the Court has subject matter jurisdiction over this case based on the diversity of citizenship of the parties.   *See Univ. of S. Ala.*, 168 F.3d at 411–12 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal." (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998))). Accordingly, this matter is due to be remanded to state court.   *See Eaton v. Vista Outdoors, Inc*, No. 6:17-cv-1096-Orl-37KRS, 2017 WL 3033782, at *2 (M.D. Fla. July 18, 2017) (ordering remand when defendants' notice of removal alleged that plaintiffs were citizens of Florida, but defendants relied exclusively on a residence allegation in the complaint in support and failed to submit other supporting evidence demonstrating plaintiffs' domicile).

Based on the foregoing, **I RESPECTFULLY RECOMMEND** that the Court order this case **REMANDED** for want of subject matter jurisdiction.   I **FURTHER RECOMMEND** that the Court **DIRECT** the Clerk of Court to terminate any pending motions, and thereafter to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

---

Cause, and thus has not established that the Court has diversity jurisdiction in this case.   Therefore, at this time, it appears that the Court lacks jurisdiction to determine whether leave to amend should be granted.

Recommended in Orlando, Florida on August 23, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy