UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEREMY JOHNS,

    Plaintiff,

v.                                                                    Case No. 6:19-cv-1127-Orl-37LRH

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

Plaintiff Jeremy Johns sued Defendant Progressive Express Insurance Company in state court following a dispute over an insurance payment from a motor vehicle accident in which the other driver was insured by Defendant. (Doc. 1–4 ("**Complaint**").) Defendant removed the case here, invoking the Court's diversity jurisdiction under 28 USC § 1332. (Doc. 1, ¶ 5 ("**Notice**").) Specifically, to establish diversity jurisdiction, the Notice alleges Plaintiff was, at the time of the state court filing and the Notice, a "citizen and resident of the State of Florida" (Doc. 1, ¶ 3), but the Complaint states Plaintiff is a "natural person residing in Kissimmee, Osceola County, Florida" (Doc. 1-4, ¶ 2). Plaintiff then sought leave to file an amended complaint to add a Defendant. (Doc. 10.)

Given the discrepancy between the Complaint and the Notice, U.S. Magistrate Judge Leslie R. Hoffman ordered Defendant to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (Doc. 14 ("**OSC**").) Relevant here, Magistrate Judge Hoffman found that because the Complaint alleges Plaintiff's residence

-1-

only and because residence alone is insufficient to establish citizenship for purposes of diversity jurisdiction, Defendant failed to sufficiently demonstrate diversity of citizenship between the parties. (*Id.* at 2.) Thus, Magistrate Judge Hoffman required Defendant to provide additional evidence of Plaintiff's citizenship.[1] (*Id.*) Defendant did not respond to the OSC.

Now, Magistrate Judge Hoffman recommends remanding this case for want of subject matter jurisdiction. (Doc. 15 ("**R&R**").) In doing so, she found Defendant failed to carry its burden of demonstrating the Court has subject matter jurisdiction based on the diversity of citizenship between the parties. (*Id.* at 3 (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999) ("The burden of establishing subject matter jurisdiction falls on the party invoking removal.")).) Thus, remand was required. (*Id.*)

The parties did not object to the R&R, and the time for doing so has now passed. Absent objections, the Court has examined the R&R for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no such error, the Court concludes the R&R is due to be adopted in its entirety. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 15) is **ADOPTED, CONFIRMED**, and made a part of this Order.

---

[1] The OSC also directed Defendant to address what effect, if any, allowing Plaintiff to amend the Complaint to add a Defendant would have on the Court's subject matter jurisdiction over this action. (Doc. 14, pp. 2–3.) But Defendant's failure to respond to that instruction is irrelevant to the R&R's conclusions at issue here.

2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

3. The Clerk is **DIRECTED** to terminate any pending motions and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 10, 2019.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
The Circuit Court of the Eighteenth Judicial Circuit
in and for Brevard County, Florida